Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CHRISTOPHER ALLEN CHARLES,<br><br>　　　　Defendant. | NO. 3:06-CR-00026-JWS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEVER AND SEPARATELY TRY COUNT 3** |

**I.	Introduction.**

On March 22, 2006, the grand jury returned a true bill to a three-count indictment charging Christopher Charles with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count 1), with brandishing a firearm during the bank robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2), and with being an unlawful controlled substance user in possession of a firearm in violation of 18 U.S.C. § 922(g)(3) (Count 3).

The matter is now before the court on Mr. Charles' motion to sever and separately try Count 3 from Counts 1 and 2.  Count 3 charges Mr. Charles with being an unlawful controlled substance user in possession of a firearm.  Count 3 reads as follows:

> On or about March 16, 2006, in the District of Alaska, the defendant CHRISTOPHER ALLEN CHARLES, was an unlawful user of a controlled substance, as defined in Title 21 U.S.C. § 802, did knowingly possess in and affecting commerce, three firearms, to wit: a Mossberg 12 gauge shotgun, model number 500A, serial number L434455, a L.A.R. MFG Inc., Mark I .45 caliber semiautomatic handgun, serial number A008502, and a Taurus .38 caliber revolver, model number 85, serial number VG23626.

Joinder of Count 3 with the Counts 1 and 2 is unfairly prejudicial to Mr. Charles because evidence of drug use would be irrelevant as to Counts 1 and 2. Accordingly, he asks that Count 3 be severed and tried separately or, in the alternative, that the issue related to Mr. Charles' alleged status as an unlawful drug user be bifurcated from the trial of Count 1 and 2.

## II.   Statement of Facts.

The case centers on the robbery of the Alaska USA Federal Credit Union and the shooting of Mr. Charles all of which occurred on March 16, 2006. The government claims that Mr. Charles entered the Alaska USA Federal Credit Union, brandished two hand guns, and robbed the credit union of $7,157.00. Police later encountered Mr. Charles several miles away getting out of a car with a shot gun. The car allegedly matched the description of the robber's get away car. The encounter ended when a police officer shot Mr. Charles.

Paramedics transported Mr. Charles to Providence Hospital where doctors saved his life. Medical tests at the hospital suggest that Mr. Charles had unspecified amounts of cocaine, methamphetamine, and opiates in his system.

**III.     Prejudice Resulting From Joinder Of Unlawful Drug User Possession Count With The Armed Bank Robbery And The Brandishing Counts.**

Mr. Charles will defend against the indictment, in part, by contending that some one else robbed the Alaska USA Federal Credit Union. Evidence that Mr. Charles qualifies as an unlawful drug user would ordinarily not be admissible at a trial involving the robbery of a credit union and the brandishing of a firearm at that robbery. *See* Fed.R.Evid. 404(b) and 403. Under these circumstances, joinder of these charges in one indictment improperly burdens Mr. Charles' due process right to a fair trial.

This motion appears to be a question of first impression. Mr. Charles has found no cases directly addressing joinder of an unlawful drug user count with a bank robbery count. However, courts have regularly confronted analogous issues involving the improper joinder of a felon-in-possession count with other charges. *See e.g. United States v. Nguyen*, 88 F.3d 812 (9th Cir. 1996). Jointly trying the unlawful drug user count with the balance of the charges in an indictment "creates the very dangerous situation because [Mr. Charles'] jury might improperly consider evidence of [his status as an unlawful drug user] when deliberating about the [bank robbery and brandishing charges, i.e. convict [Mr. Charles] because he is a 'bad guy' or convict him because 'he committed a crime before and probably did this one too.'" *Id.* at 815.

Given this circumstance, a cautionary instruction is unlikely to cure the improper propensity impact of evidence alleging that Mr. Charles is an unlawful drug user will have on the jury's evaluation of the bank robbery charge and the brandishing charge. Indeed, courts have expressed a healthy scepticism of curative instructions in comparable felon-in-possession context. *Id.* at 817.

> To tell the jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond moral capabilities.
>
> * * * * * * * * *
>
> It is much more difficult for jurors to compartmentalize damaging information about one defendant derived from joined counts than it is to separate defendants joined for trial. Studies have shown that joinder of counts tends to prejudice jurors' perceptions of the defendant and of the strength of the evidence on both sides of the case.

*United States v. Lewis*, 787 F.2d 1318, 1322 (9th Cir. 1986), *as amended by* 798 F.2d 1250 (9th Cir. 1986), *cert. denied*, 489 U..S. 1032 (1989) (citations and quotation marks omitted).

### IV.  Fed.R.Crim.P. 14 Authorizes Severance Of Count 3 From Counts 1 and 2.

Fed.R.Crim.P. 14 provides for the severance of charges otherwise properly joined in a single indictment under Fed.R.Crim.P. 8(a). Rule 14 provides as follows:

> If it appears that a defendant or the government is prejudiced by joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

As indicated the precise severance question here appears to present a question of first impression. However, the analogous question involving joinder of a felon-in-possession charge with other charges has plagued courts for years. *Compare United States v. Lewis*, *supra*, (felon-in-possession count improperly joined with homicide charge) with *United States v. VonWillie*, 59 F.3d 922 (9th Cir. 1995) (joinder permissible in § 924(c) case where evidence against defendant on all joined counts overwhelming). Although courts have rejected a *per se* severance rule when a felon-

in-possession count is joined with other counts, severance/bifurcation remains the preferred remedy for protecting a defendant from unfair prejudice. The court in *United States v. Nguyen*, 88 F.3d at 815 highlighted that concern in the following terms:

> This opinion is published to alert trial judges and prosecutors that the practice of consolidating "felon in possession charges" without properly safeguarding the defendant from the prejudicial effect of introducing evidence of the prior felony with unrelated felony charges is not looked upon with favor by this Circuit, or, for that matter, by other Circuits.

Severance or bifurcation is the preferred remedy. *Id.* at 818. In assessing whether a conviction should be reversed because of unfair prejudice in this context, the appellate court looks to "the strength of the evidence against the defendant and the nature and the efficacy of the methods employed to guard against prejudice." *Id.* at 817.

In the present case, Mr. Charles' jury will be asked to determine whether he robbed the Alaska USA Federal Credit Union and whether he brandished a firearm during and in relation to that robbery. The prejudicial impact of evidence that Mr. Charles is an unlawful drug user is immediately evident. This evidence would be inadmissible at a trial involving only the alleged bank robbery count and the alleged weapons count.

Certainly, the government is free to claim that its evidence on all counts is strong and assert that this court should permit the joinder despite the warnings in *Nguyen*. However, strength, like beauty, is in the eyes of the beholder and strength, like beauty, may only be skin deep. The sensible course in this instance is to sever Count 3 prior to trial and not risk discovering the full extent of the prejudice after several days of court time have been wasted. An order severing Count 3 from the indictment absolutely eliminates the risk of unfair prejudice to Mr. Charles and provides

the fairest alternative in the present case. Bifurcating and separately adducing proof on Mr. Charles' alleged status as an unlawful drug user, could reduce the risk of unfair prejudice.

**V.    Conclusion.**

For these reasons, Mr. Charles asks that Count 3 be severed and separately tried. In the alternative, he asks that evidence of his status as an unlawful drug user be bifurcated and resolved following verdicts on the remaining counts in the indictment.

DATED at Anchorage, Alaska this 27th day of April 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:       907-646-3400
Fax:         907-646-3480
E-Mail:      kevin_mccoy@fd.org