Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ALLEN CHARLES,<br><br>Defendant. | NO. 3:06-CR-00026-JWS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS COUNT 3 OF THE INDICTMENT** |

**I.      Introduction.**

A grand jury for the District of Alaska has returned a true bill to a three-count indictment stemming from the March 16, 2006, robbery of the Alaska USA Federal Credit Union on Dimond Boulevard in Anchorage. Count 3 of this indictment charges that on March 16, 2006, Mr. Charles was an unlawful user of a controlled substance as defined in 21 U.S.C. § 802 and that he did knowingly possess three firearms in violation of 18 U.S.C. § 922(g)(3). The matter is now before the court on Mr. Charles motion to dismiss Count 3 because 18 U.S.C. § 922(g)(3) is unconstitutionally vague because it fails to provide fair notice of the conduct it prohibits.

**II.     Title 18 U.S.C. § 922(g)(3) Fails To Provide Constitutionally Sufficient Notice Of What Conduct Is Prohibited.**

Title 18 U.S.C. § 922(g)(3) prohibits any person "who is an unlawful user of or addicted to any controlled substance to . . . possess in or affecting commerce, any firearm." The statute does not define who qualifies as an unlawful user of any controlled substance and the statute does not define who qualifies as being addicted to any controlled substance. Moreover, the statute does not distinguish between past unlawful users of controlled substances, a one-time user of controlled substances, and persons who are qualify as regular users of controlled substances over a period of time.

Mr. Charles respectfully submits that § 922(g)(3) is unconstitutionally vague because it fails to clearly distinguish between a past unlawful user of a controlled substance and a current unlawful user of a controlled substance. A criminal statute is unconstitutionally vague if it fails to define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in such a manner that does not encourage arbitrary and discriminatory enforcement. *Grayned v. City of Rockford,* 408 U.S. 104, 108 (1972) (It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined); *Posters 'N' Things, Ltd. v. U.S.*, 511 U.S. 513, 525 (1994). Unless, the statute in question implicates First Amendment freedoms, a reviewing court examines the statute only in light of the facts in the case at hand. *Chapman v. United States*, 500 U.S. 453, 467 (1991).

**III.     A Judicially Created Temporal Nexus Between Regular Drug Use And Gun Possession May Save 18 U.S.C. § 922(g)(3) From A Vagueness Challenge.**

Courts have recognized that § 922(g)(3) is susceptible to a vagueness challenge unless there is some sort of judicially created nexus between the gun possession and regular use. *See* e.g. *United States v. Augustin*, 376 F.3d 135, 139 (3rd Cir. 2004) (one must be an unlawful user at or about the time he or she possessed the firearm and that to be an unlawful user, one needed to have engaged in regular use over a period of time proximate to or contemporaneous with the possession of the firearm);United *States v. Turnbull*, 349 F.3d 558, 561 (8th Cir. 2003) (statute unconstitutionally vague without temporal nexus between regular drug use and gun possession), *judgment vacated on other grounds*, 543 U.S. 1099 (2005); *United States v. Jackson*, 280 F.3d. 403, 405 (4th Cir. 2002) (same).

In *United States v. Purdy*, 264 F.3d 809, 812-13 (9th Cir. 2001), the court rejected a vagueness challenge to § 922(g)(3) **but only after stating that** "to sustain a conviction under § 922(g)(3), the government must prove . . . that the defendant took drugs with regularity, over an extended period of time, and contemporaneously with his purchase or possession of a firearm."

**IV.     Conclusion.**

For these reasons, Mr. Charles asks the court to rule that 18 U.S.C. § 922(g)(3) is unconstitutionally vague because it fails to give fair notice of the conduct that the statute seeks to prohibit. In the alternative, Mr. Charles asks for a rule limiting application of the statute to regular drug use over an extended period of time and contemporaneously with the alleged possession of firearms in the present case.

DATED at Anchorage, Alaska this 27th day of April 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:        907-646-3400
Fax:           907-646-3480
E-Mail:       kevin_mccoy@fd.org