Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>CHRISTOPHER ALLEN CHARLES,<br><br>　　　　　Defendant. | NO. 3:06-CR-00026-JWS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR BILL OF PARTICULARS** |

**I.   Introduction.**

A grand jury for the District of Alaska has returned a true bill to a three-count indictment stemming from the March 16, 2006, robbery of the Alaska USA Federal Credit Union on Dimond Boulevard in Anchorage.  Count 3 of this indictment charges that on March 16, 2006, Mr. Charles was an unlawful user of a controlled substance as defined in 21 U.S.C. § 802 and that he did knowingly possess three firearms in violation of 18 U.S.C. § 922(g)(3).

Count 3 reads as follows:

> On or about March 16, 2006, in the District of Alaska, the defendant, CHRISTOPHER ALLEN CHARLES, was an unlawful user of a controlled substance, as defined in Title 21 U.S.C. § 802, did knowingly possess in and affecting commerce, three firearms, to

wit: A Mossberg 12 gauge shotgun, model number 500A, serial number L434466, a L.A.R. MFG Inc., Mark I .45 caliber semiautomatic handgun, serial number A008502, and a Taurus 38 caliber revolver, model number 85, serial number VG23626.

All of which is in violation of Title 18 United States Code Sections 922(g)(3) and 924(a)(2).

Section 922(g)(3) makes it unlawful "for any person . . . who is an unlawful user of or addicted to any controlled substance . . . to possess in or affecting commerce, any firearm[.]" Section 924(a)(2) establishes ten years as the maximum sentence.

The matter is now before the court on Mr. Charles' motion for bill of particulars.

## II.     The Government Should Be Directed To File A Bill Of Particulars As To Count 3.

Fed.R.Crim.P. 7(c)(1) requires an indictment to "be a plain, concise and definite written statement of the essential facts of the offense charged." Ordinarily, an indictment will withstand a motion to dismiss "if it contains the elements of the charged offense in sufficient detail (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994).

Although Count 3 recites the elements of 18 U.S.C. § 922(g)(3), in this instance, it is insufficient to meet the purposes of Fed.R.Crim.P. 7(c)(1) as elucidated in *Rosi.* This is because the indictment fails to (1) enable the defendant to prepare his defense; (2) does not assure that he is being prosecuted on the basis of facts presented to the grand jury; (3) there is no basis in the

indictment for asserting a double jeopardy claim should that ever be necessary; and (4) there is no basis for the court to independently determine the sufficiency of the charge.

Here is why.

In *United States v. Purdy*, 264 F.3d 809 (9th Cir. 2001), the court confronted a due process vagueness challenge to 18 U.S.C. § 922(g)(3). The question presented was whether the statute gave fair notice of the conduct prohibited. Did it prohibit past unlawful users of controlled substances from possessing firearms? Did it prohibit one-time users of controlled substances from possessing controlled substances? How contemporaneous did the use of the controlled substance have to be with the alleged possession of the firearm? The *Purdy* court resolved the vagueness challenge with a limiting construction of the statute. It ruled that "to sustain a conviction under § 922(g)(3), the government must prove . . . that the defendant took drugs with regularity, over an extended period of time, and contemporaneously with his purchase or possession of a firearm." *Id.* at 812-13.

Taken as a whole, the allegations in Count 3 are too vague to enable Mr. Charles to prepare his defense and avoid or minimize the danger of surprise at trial.

Fed.R.Crim.P. 7(f) provides:

> The court may direct the filing of a bill of particulars. A motion for bill of particulars may be made before arraignment or within 10 days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice allows.

A Fed.R.Crim.P. 7(f) bill of particulars has several purposes. *United States v. Giese*, 597 F.2d 1170 (9th Cir. 1979). A bill of particulars is designed:

> . . . to inform the defendant of the exact nature of the charge against him with sufficient precision to enable him to prepare for trial, to

>   avoid or minimize the danger of surprise at the time of trial, and to
>   enable him to plead his acquittal or conviction in bar to another
>   prosecution for the same offense when the indictment itself is too
>   vague and indefinite for such a purpose.

*Id.* at 1180.

Mr. Charles readily understands that in certain circumstances, a vague and indefinite indictment can be saved if the government provides discovery regarding the exact circumstances of the allegations contained in the indictment. *United States v. Ayers*, 924 F.2d 1468, 1484 (9th Cir. 1991). In this instance, the government has provided a medical record which suggests that following the robbery, Mr. Charles had cocaine, methamphetamine, and opiates in his system. *See* Exhibit A (medical record).

However, the government has provided no information which would effectively enable Mr. Charles and the court to independently evaluate whether it alleges that the alleged drug use was sufficiently consistent, prolonged, and close in time to the alleged gun possession to put him on notice that he qualified as an unlawful user of drugs under § 922(g)(3).

### III. Conclusion.

Mr. Charles asks the court for an order directing the government to provide a detailed bill of particulars which informs him of precisely what conduct the government intends to use to establish that he is an unlawful user of drugs as that term has been interpreted by *United States v. Purdy*, 264 F.3d 809, 812-13. As it stands now, Mr. Charles is left to guess and his guess may not match the government's view of what conduct is alleged to have violated 18 U.S.C. § 922(g)(3). For these reasons, a bill of particulars is appropriate.

DATED at Anchorage, Alaska this 27th day of April, 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:        907-646-3400
Fax:          907-646-3480
E-Mail:       kevin_mccoy@fd.org