Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant


## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ALLEN CHARLES,<br><br>Defendant. | NO.  3:06-cr-00026-JWS<br><br>**CHRIS CHARLES'S PROPOSED JURY INSTRUCTIONS** |

Chris Charles proposes the following jury instructions for use at trial.  Mr. Charles's proposed instructions are taken from the Manuel of Model Jury Instructions for the Ninth Circuit (West 2000) and O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions* (2000 ed.), and are set out in abbreviated form below.

Mr. Charles proposes the following instructions from the Manuel of Model Jury Instructions for the Ninth Circuit:

## PRELIMINARY INSTRUCTIONS

1.1    Duty of Jury

1.2    The Charge – Presumption of Innocence

1.3    What is Evidence

1.4    What is not Evidence

1.5    Evidence Admitted for Limited Purpose

1.7    Rulings on Objections

1.8    Credibility of Witnesses

1.9    Conduct of the Jury

1.11    Taking Notes

1.12    Outline of Trial


## INSTRUCTIONS DURING TRIAL

2.1    Cautionary Instruction – First Recess

2.2    Bench Conferences and Recesses


## INSTRUCTIONS AT END OF CASE

3.1    Duty of Jury to Find Facts and Follow Law

3.2.    Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof

3.6    What is Evidence

3.7    What is not Evidence

3.9     Credibility of Witnesses

3.11    Activities Not Charged

3.12    Separate Consideration of Multiple Counts – Single Defendant


**CONSIDERATION OF PARTICULAR EVIDENCE**

4.14    Eyewitness Identification


**JURY DELIBERATIONS**

7.1     Duty to Deliberate

7.2     Consideration of Evidence

7.3     Use of Notes

7.6     Communication with Court

7.9     Specific Issue Unanimity


**OFFENSES UNDER TITLE 18**

8.131   Bank Robbery (modified to reflect elements of 18 U.S.C. § 2113(d))

8.65    Firearms – Using or Carrying in Commission of Crime of Violence


        Mr. Charles requests the following instructions, which are taken from O'Malley,

Grenig, & Lee, *Federal Jury Practice and Instructions* (2000 ed.).  In lieu of Ninth Circuit Pattern

3.5 - Reasonable Doubt Defined, Mr. Charles requests

        12.10   Presumption of Innocence, Burden of Proof, and Reasonable Doubt

because it provides a more easily understood definition of reasonable doubt.  This instruction is

appended hereto and identified as Defendant's Proposed Instruction No. A.


DATED at Anchorage, Alaska this 2nd day of August 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:        907-646-3400
Fax:          907-646-3480
E-Mail:       kevin_mccoy@fd.org


Certification:
I certify that on August 2, 2006,
a copy of **Chris Charles's Proposed**
**Jury Instructions** was served electronically
on:

David Nesbett
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Kevin F. McCoy

## DEFENDANT'S PROPOSED INSTRUCTION NO. A

The law presumes a defendant to be innocent of crime. Thus, a defendant, although accused, begins the trial with a "clean slate" – with no evidence against him. And the law permits nothing but legal evidence presented before a jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient for a not guilty verdict, unless and until the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. The burden never shifts to a defendant; for the law never imposes on the accused in a criminal case the burden or duty of calling any witness or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of a charge, it must render a verdict of not guilty. If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilty – the jury should, of course, adopt the conclusion of innocence.

**DEFENDANT'S PROPOSED INSTRUCTION NO. B**

In order to convict the defendant of using, carrying, possessing, and brandishing a firearm during and in relation to a crime of violence, you must all agree that the defendant committed the crime of bank robbery as charged in Count 1 of the Indictment, and all unanimously agree that the defendant used, carried, possessed, and brandished a firearm both during and in relation to that crime.

**Authority:**     *Muscarello v. United States*, 524 U.S. 125, 137 (1998)

*United States v. VonWillie*, 59 F.3d 922, 928 (9th Cir. 1995)

**DEFENDANT'S PROPOSED INSTRUCTION NO. C**

In order to convict the defendant of possessing a firearm in furtherance of a crime of violence, you must all agree that the defendant committed the crime of bank robbery as charged in Count 1 of the Indictment, and all unanimously agree that during the bank robbery the defendant possessed the firearm with the intent to promote or facilitate the credit union robbery.

**Authority:**     *Muscarello v. United States*, 524 U.S. 125, 137 (1998)

*United States v. Mann*, 389 F.3d 869, 879 (9th Cir. 2004)

*United States v. Krouse*, 370 F.3d 965, 967 (9th Cir. 2004)