Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHRISTOPHER ALLEN CHARLES,<br><br>　　　　Defendant. | NO.  3:06-cr-00026-JWS<br><br>**CHRIS CHARLES'S PROPOSED VOIR DIRE QUESTIONS** |

　　　　Chris Charles requests this court to ask prospective jurors the following questions concerning their eligibility to serve at his trial.

**I.
BURDEN OF PROOF/PRESUMPTION
OF INNOCENCE QUESTIONS**

**BURDEN OF PROOF**

　　　　Mr. Charles asks the court to put general, and as necessary, individual questions to prospective jury members which instruct and test the ability to properly apply the proof beyond a

reasonable doubt standard and which instruct and test the ability to genuinely afford Mr. Charles the full benefit of the presumption of innocence.

      1.      You have probably heard the phrase "proof beyond a reasonable doubt" in connection with criminal cases. Is there anyone on the panel who feels that it is somehow unfair to require the government to prove its cases beyond a reasonable doubt? Why?

      2.      The law requires various levels of proof depending on the importance of the issue to be decided. For instance, the plaintiff in a civil case must convince you by a preponderance of the evidence, *i.e.*, more likely than not, that his or her claims are true. In a criminal case, because personal freedom is at stake, the law sets a much higher burden of proof. In a criminal case, the plaintiff must convince you beyond and to the exclusion of all reasonable doubt that each and every element of the crime charged is true before you can return a verdict of guilty. Is there anyone on the panel who does not understand the distinction between criminal cases and civil cases?

      3.      Is there any member of the panel who would have trouble returning a not guilty verdict in a situation where you thought the accused person was probably guilty, but that the government had not convinced you of his guilt beyond a reasonable doubt?

      4.      Does everyone on the panel understand that a reasonable doubt can arise not only from the evidence produced, but also from the failure by the government to produce evidence? Is there anyone on the panel that is unable or unwilling to apply that concept?

      5.      Is there anyone on the panel that disagrees with the following proposition: before you can return a verdict of guilty, the government must prove beyond a reasonable doubt each and every essential element of crime charged in the Indictment?

## PRESUMPTION OF INNOCENCE

6. The law presumes that Mr. Charles is innocent of the charges the government has levied against him. The presumption of innocence alone is enough to acquit. Is there any among you that will not or can not follow that instruction?

7. Is there anyone on the panel who would not be open to the possibility that an innocent person can be accused of a crime?

8. Are you aware of circumstances where an innocent person has been accused of a crime? Can you give me an example?

9. Is there anyone on the panel who does not believe that people, acting in good faith, can mistakenly accuse someone of something they did not do?

10. Is there anyone on the panel who disagrees with this proposition: sometimes, police and prosecutors, acting in good faith, can mistakenly accuse someone of something they did not do?

11. Does anyone on the panel disagree with the following proposition: the presumption of innocence requires a not guilty verdict unless the plaintiff is able to prove each and every element of the offense beyond a reasonable doubt?

## II.
## ABILITY TO FOLLOW THE COURT'S INSTRUCTIONS

12. Those of you who are ultimately selected to serve on this jury will serve as judges of the facts. In other words, you will listen to all the evidence testified to at trial and look at and have an opportunity to study all the exhibits admitted at trial. After that, you will try, if you

can, to decide what happened. After you decide what happened, your job is to apply the law that I give you to what happened. Your job is to do that even if you disagree with the law. Is there anyone on the panel who for whatever reason would be uncomfortable following a law that they did not agree with?

      13.      The problem with this question, is that although I will tell you about the law as we go along, I cannot tell you all of the laws that will apply until all the evidence is in and I have an opportunity to speak with the lawyers to get their views. I need to know whether there is anyone on the panel that would be uncomfortable applying the law if it turns out that you disagree with it?

### III.
### GENERAL BACKGROUND QUESTIONS

      14.      Does any member of the panel work for law enforcement? Please explain.

      15.      Does any member of the panel have a background in law enforcement? Please explain.

      16.      Does any member of the panel have close friends or relatives working in law enforcement? Please explain the relationship. Would it embarrass you if your close friend or relative learned that you served as a juror in a criminal case and that you returned a not guilty verdict?

      17.      Does any member of the panel now, or in the past has any member of the panel worked for the Anchorage Police Department. Please explain what position you had and what your duties were.

  18. Does any member of the panel now, or in the past has any member of the panel worked for the Federal Bureau of Investigation? Please indicate who you worked for, what position you had, and what your duties were.

## IV.
## QUESTIONS RELATED TO TESTIMONY
## BY LAW ENFORCEMENT OFFICERS

  19. A number of law enforcement officers will testify in this case. Would you judge their testimony any differently that you would judge the testimony of any other witness? Please explain.

  20. Is there anyone on the panel who believes that law enforcement officers, because of their training and experience, should have their testimony judged differently from a civilian witness who does not have their training and experience?

## V.
## QUESTIONS RELATED TO PRETRIAL PUBLICITY

  The charges in this case related to an alleged robbery of the Alaska USA Federal Credit Union in the Fred Meyer's Grocery Store on Dimond Boulevard here in Anchorage. There may have been some publicity about this event in the newspapers, on the radio, and on the television stations.

  21. Have any of you heard about this case?

    a. Where did you hear this information from?

    b. Do you remember what you heard?

    c. When did you hear the information that you mentioned?

    d.  Would this information that you heard influence how you considered the evidence in this case?

  22.  Have any of you read about this case?

    a.  Where did you read about this case?

    b.  When did you read this information?

    c.  Do you remember what you read?

    d.  Would what you read influence how you considered the evidence in this case?

  23.  Have any of you followed news reports, either in the paper or on television?

    a.  What was the news source that you remember seeing, hearing, and/or reading?

    b.  When did you get this information?

    c.  Do you remember the information from the news source?

    d.  Would what you heard or read influence or color how you would view the evidence in this case?

## VI.
## SPECIFIC OFFENSE/DEFENSE QUESTIONS

  24.  In this case the Indictment alleges that Christopher Charles robbed the Alaska USA Federal Credit Union on Dimond Boulevard in Anchorage and that during the robbery he used, carried, possessed, and brandished a firearm. Is there anything about the nature of the charges in the Indictment that would make it difficult to serve as jurors in this case? Please explain.

  25.  Some people are concerned about the use and misuse of guns in Anchorage and in Alaska. Is there anyone on the panel that shares a belief that some of the problems in Anchorage are related to the use and misuse of guns? Why do you say that? Do your beliefs

interfere in anyway with your ability to be fair in a case involving an allegation that Mr. Charles robbed a credit union while armed with a firearm? Are you open to the possibility that Mr. Charles might be not guilty even though the government has charged him with robbing a credit union while armed with a firearm?

26. Most people are opposed to violence in their communities. Is there anyone on the panel that does not share this view?

27. The government has accused Mr. Charles of a violent crime – robbing a credit union while armed with a gun. Is there anyone on the panel who would be unable to set aside their views about violence in the community in deciding this case and focus instead on whether the government can overcome the presumption of innocence and prove the allegations in the Indictment beyond a reasonable doubt?

DATED at Anchorage, Alaska this 2nd day of August 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:      907-646-3400
Fax:          907-646-3480
E-Mail:     kevin_mccoy@fd.org

Certification:
I certify that on August 2, 2006,
a copy of *Chris Charles's Proposed Voir Dire Questions* was served
electronically on:

David Nesbett
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Kevin F. McCoy

*United States v. Christopher Allen Charles*
Case No. 3:06-cr-00026-JWS                                                                                           Page 7