DEBORAH M. SMITH
Acting United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-00026-JWS |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **PROPOSED JURY** |
| vs. | ) | **INSTRUCTIONS** |
| | ) | |
| CHRISTOPHER ALLEN CHARLES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW the United States of America, by and through its counsel, and requests that the Court instruct the jury in accordance with the following list of jury instructions from the Manual of Model Criminal Jury Instructions for the

Ninth Circuit (2003 Edition), unless otherwise indicated, and from the separate instructions attached hereto, as well as those, if any, to be submitted under separate cover.

### Preliminary instructions

| | |
|---|---|
| 1.1 | Duty of Jury |
| 1.2 | The Charge - Presumption of Innocence |
| 1.3 | What is Evidence |
| 1.4 | What is Not Evidence |
| 1.5 | Evidence for Limited Purpose |
| 1.6 | Direct and Circumstantial Evidence |
| 1.7 | Ruling on Objections |
| 1.8 | Credibility of Witnesses |
| 1.9 | Conduct of the Jury |
| 1.10 | No Transcript Available to Jury |
| 1.11 | Taking Notes |
| 1.12 | Outline of Trial |

### Instructions in the Course of Trial

2.1        Cautionary Instruction - First Recess

2.2        Bench Conference and Recesses

2.4        Stipulations of Fact

2.5        Judicial Notice

**Instructions at End of Case**

3.1        Duties of Jury to Find Facts and Follow Law

3.2        Charge Against Defendant Not Evidence, Presumption of Innocence, Burden of Proof

3.3        Defendant's Decision not to Testify

3.4        Defendant's Decision to Testify

3.5        Reasonable Doubt - Defined

3.6        What is Evidence

3.7        What is Not Evidence

3.8        Direct and Circumstantial Evidence

3.9        Credibility of Witnesses

3.10       Evidence of Other Acts of Defendants or Acts and Statements of Others

3.11       Activities Not Charged

3.12       Separate Consideration of Multiple Counts

3.18    Possession- defined

**Consideration of Particular Evidence**

4.1    Statements by Defendant

4.3    Other Crimes, Wrongs, or Acts of Defendant

4.4    Character of Defendant

4.7    Character of Witness for Truthfulness

4.8    Impeachment Evidence - Witness

**Responsibility**

5.6    Knowingly - Defined

**Jury Deliberations**

7.1    Duty to Deliberate

7.2    Consideration of Evidence

7.3    Use of Notes

7.4    Jury Consideration of Punishment

7.5    Verdict Form

7.6    Communication With Court

**Specific Offense Instructions**

    8.131        Bank Robbery

    8.65        Firearms - Using or Carrying in Commission of Drug Trafficking Crime (18 U.S.C. § 924(c))

Government's Proposed Specific Offense Instruction 1

The defendant is charged in Count 1 of the indictment with armed bank robbery in violation of Section 2113 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

    First, the defendant took money belonging to Alaska USA Federal Credit Union;

    Second, the defendant used force and violence, or intimidation in doing so;

    Third, the deposits of Alaska USA Federal Credit Union was then insured by the National Credit Union Administration; and

    Fourth, the defendant intentionally made a display or force that reasonably caused Bradley Herring to fear bodily harm by using a pistol.

Authority

Ninth Circuit Pattern Jury Instruction 8.131:  Bank Robbery

Government's Proposed Specific Offense Instruction 2

The defendant is charged in Count 2 of the indictment with using, carrying, or brandishing a firearm during and in relation to a crime of violence in violation of Section 924(c) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant committed the crime of bank robbery as charged in Count 1 of the indictment;

Second, the defendant knowingly used, carried, or brandished a firearm; and

Third, the defendant used, carried, or brandished the firearm during and in relation to the crime.

A defendant "used" a firearm if he or she has actively employed the firearm in relation to the bank robbery.  Use includes the following:

(1) brandishing or displaying a firearm

A defendant takes such action "in relation to the crime" if the firearm facilitated or played a role in the crime.

The term "brandish" means, with respect to a firearm, to display all or part of the firearm , or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person.

<u>Authority</u>

Ninth Circuit Pattern Jury Instruction  8.65: Firearms — Using or Carrying in Commission of Drug Trafficking  Crime or Crime of Violence

18 U.S.C. § 924(c)(1)(D)(4)

//

RESPECTFULLY SUBMITTED this 2nd day of August, 2006, at

Anchorage, Alaska.

          DEBORAH M. SMITH
          Acting United States Attorney

          s/ David A. Nesbett
          Special Assistant U.S. Attorney
          222 West 7th Ave., #9, Rm. 253
          Anchorage, AK 99513-7567
          Phone: (907) 271-6306
          Fax: (907) 271-1500
          E-mail: david.nesbett@usdoj.gov
          Alaska Bar # 9811075

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2006,
a copy of the foregoing JURY INSTRUCTIONS was
served electronically on:

Kevin McCoy
Federal Defender's Office
Anchorage, Alaska, 99501

s/ David A. Nesbett