Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     vs.<br><br>CHRISTOPHER ALLEN CHARLES,<br><br>                    Defendant. | Case No. 3:06-cr-00026-JWS<br><br><br>**MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* SEEKING AN ELECTION ON COUNT 2** |

## I.      Introduction.

The indictment charges Chris Charles with armed bank robbery (Count 1) and with using, carrying, possessing, and brandishing a firearm during and in relation to the robbery (Count 2).  The purpose of this memorandum is twofold:  to demonstrate that Count 2 is duplicitous and to ask for an order remedying the duplicitousness.

## II.     Count 2 Is Duplicitous And The Government Should Be Compelled Before Trial To Elect Between Using, Carrying, Possessing, Or Brandishing.

An indictment is duplicitous whenever two or more distinct and separate offenses are joined in a single count.  *United States v. UCO Oil Co.,* 546 F.2d 833, 835 (9th

Cir. 1976), *cert. denied*, 430 U.S. 966 (1977).  The vice of duplicity is that a jury may find a defendant guilty of a count without having reached a unanimous verdict on the commission of a particular offense.  *Id.*

Count 2 charges Mr. Charles with "knowingly and intentionally us[ing], carry[ing], possess[ing], and brandish[ing] a firearm during and in relation to" the crime of bank robbery.  Count 2 is duplicitous because it charges at least four offenses.  As charged in Count 2, the indictment risks a non-unanimous verdict because some of the jurors may conclude that Mr. Charles used a weapon, some of the jurors may conclude that Mr. Charles carried a weapon, some jurors may conclude that Mr. Charles only possessed a weapon, and some jurors may conclude that Mr. Charles brandished a weapon.

*United States v. Ramirez-Martinez*, 273 F.3d 903 (9th Cir. 2001), discusses duplicitous indictments and offers two remedies which will protect Mr. Charles' right to a fair trial.

> [T]he rules about duplicity are pleading rules, the violation of which is not fatal to an indictment.  Defendant's remedy is to move to require the prosecution to elect the charge within the count upon which it will rely.  Additionally, a duplicitous indictment is remediable by the court's instruction to the jury particularizing the distinct offense charged in each count in the indictment.  In other words, a defendant indicted pursuant to a duplicitous indictment may be properly prosecuted and convicted if either (1) the government elects between charges in the offending count, or (2) the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed.

*Id.* at 915 (citations and quotation marks omitted).

At this stage of the proceedings, it is appropriate for the court to order an election by the government as to which crime alleged in Count 2 to present to the jury. Compelling the election fosters clarity for the jury during the trial and simplifies the instructions that will ultimately be given at the end of the trial.

Additionally, Mr. Charles respectfully submits that using, possessing, and carrying a firearm during and in relation to a bank robbery is a lesser included offense to brandishing a firearm during and in relation to a bank robbery.  The Sixth Amendment requires the jury determination as to whether the weapon involved was used, carried, possessed, or brandished. *See generally United States v. Booker*, 125 S. Ct. 738 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004).

Candor compels Mr. Charles to recognize that his Sixth Amendment argument is currently foreclosed by *Harris v. United States*, 536 U.S. 545, 567-68 (2002), and *United States v. Beaudion*, 416 F.3d 965, 970 (9th Cir. 2005).  The Sixth Amendment argument is presented to preserve this question for further review.

## III.    Conclusion.

For all these reasons, Mr. Charles seeks an *in limine* order compelling the government to elect which of the four charges alleged in Count 2 should be presented to the jury.

///

///

///

///

DATED at Anchorage, Alaska this 4th day of August, 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
Alaska Bar No. 7705042
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:        907-646-3400
Fax:          907-646-3480
E-Mail:       kevin_mccoy@fd.org

Certification:

I certify that on August 4, 2006,
a copy of the foregoing document
was served electronically on:

David A. Nesbett, Esq.
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Kevin F. McCoy