Allen N. Dayan
745 W. 4th Avenue, Suite 400
Anchorage, AK  99501
(907) 277-2330

Attorneys for:
Defendant Christopher Charles

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:06-cr-00026-JWS |
| Christopher Charles, | ) |
| Defendant. | ) |

**PROPOSED VOIR DIRE QUESTIONS**

Defendant, Christopher Charles requests permission of the Court to conduct his voir dire examination which would include the questions set forth below. If this request is denied, defendant moves the Court to ask the following questions:

I. PERSONAL, OCCUPATIONAL AND EDUCATION BACKGROUND

1. Where were you born?

2. Do you have children?

   a. How many?

   b. Boys or girls?

   c. What ages and occupations?  If they are in school, please indicate what year they are in school and which school they are attending.

3. How long have you lived in Alaska?

   a. Why did you move to Alaska?

    b. Do you plan to live in Alaska permanently?

    c. Why/why not?

4. How far did you go in school?

    a. What was your favorite subject?

    b. What sports, clubs or other activities were you involved in?

5. How long have you been [occupation]?

    a. Have you held other jobs before this one?

        (1) Please list and describe them.

    b. What do you like best about your job?

    c. What do you like least?

6. What would you say is the most important decision you have had to make in your life?

7. Have you served in the military?

    a. [If yes] What branch did you serve in and what was your highest rank obtained?

    b. Where you ever involved in the military justice system or disciplinary proceedings, as a witness, or in any other manner? [If yes] Please describe.  Would you be able to set aside those proceedings and base your verdict on the instructions as I give them to you?

    c. During your period of time in the military, were you actively involved in the enforcement of civilian law?

8. [If a juror has indicated they served on a jury] Was this case a criminal case or a civil case?

    a. Please briefly describe the type of case.

    b. Was it in federal court or state court?

   c. Without telling us the verdict, if one was reached, did the jury you served on reach a verdict?

   d. What was your feeling about that experience?

      (1) What did you like best about your prior jury experience?

      (2) What did you like least?

9. Have you, any of your relatives, or any of your close friends ever been a witness to, a victim of, or accused of a crime? [Repeat]

   a. [Take answer in private]

   b. Which part or parts of the question do you have affirmative answers for?

   c. [Appropriate follow-up questions]

   d. Does anything about these experiences affect your ability to serve as a juror in this case?

10. What newspapers and/or magazines do you read?

11. Do you have any older brothers and sisters?

   a. If so, how much older?

   b. What are their occupations?

12. What are your hobbies and leisure time activities?

13. Do you belong to any clubs or organizations?

   a. If so, which ones and how long have you been a member?

14. Do you belong to any church group or religion?

   a. If so, which one and how long have you been a member?

15. Do you watch television?

   a. If so, what are your favorite shows?

16. Has your spouse served in the military?

   a. If so, what branch and what was his or her rank and describe his or her duties?

17. Have you ever served on a grand jury?

   a. If so, when and where?

18. Have you ever testified in Court?

   a. If so, when and where?

   b. For which party did you testify?

II. <u>BURDEN OF PROOF AND INDICTMENT</u>

1. Do you understand that the evidence which you will evaluate in this case will come solely from the witness stand and not from any other source?

2. As he sits here, you understand that Christopher Charles is presumed innocent now and throughout the trial?

3. As you look upon him now, do you have any difficulty presuming that Christopher Charles is innocent?

4. Do you understand that the government is required by law to prove Christopher Charles guilty beyond a reasonable doubt?

   a. Do you agree with placing this heavy burden on the government?

   b. Why/why not?

5. If the government fails to meet that burden, do you understand that you must find Christopher Charles not guilty?

6. Do you understand that under our Constitution, Christopher Charles does not have to prove his innocence?

7. Since Christopher Charles is presumed innocent, and need not prove his innocence, he does not have to testify, it cannot be

held against him.  You may not infer any guilt whatsoever from his decision not to testify.

   a. Do you agree with these principles of law?

   b. Why/why not?

   c. Can you think of reasons why an innocent person might decide not to testify at trial?

8. The indictment I have read to you is only an accusation and is not evidence.  Do you understand that it is only the physical means by which a defendant is brought to trial; its sole purpose is to notify an individual and the jury of the charges?

9. The same system of justice that brings the charges also calls upon the jury to decide whether or not the charges have been proven.  The grand jury process that brings this indictment is a secret proceeding and Christopher Charles and his lawyer were not permitted to participate.  To the grand jury's indictment, Christopher Charles has pled Not Guilty.  This plea of Not Guilty puts in issue each and every element of the charges.  This trial is Christopher Charles's chance to challenge the government's evidence.

Do you understand that, for those reasons, the indictment is not evidence that the offense charged was committed, and may not be considered as evidence by you in your deliberations?

   a. Do you think that the mere fact that Christopher Charles has been charged makes it likely that he is guilty?

   b. [If yes] How confident are you that you can set aside such speculation completely and presume that he is innocent?

10. If selected as a juror, would you follow the law as the Court gives it to you, and base your verdict solely on the law and the evidence introduced in this trial?

11. Would you follow the law even though you might personally disagree with it?

12. Do you understand the difference between the burden of proof in a civil case and in a criminal case? The plaintiff, who is the charging party in a civil case, must convince you by a preponderance of the evidence that the allegations he makes are true. In a criminal case, however, the burden of proof is much higher. The government must convince you beyond a reasonable doubt that each and every element of the crime charged has been proved before you can return a verdict of guilty. Do you understand this difference?

13. Do you understand that proof beyond a reasonable doubt requires proof beyond mere suspicion or conjecture?

14. If you are selected as a juror in this case, do you promise to play an active role in its deliberations?

15. If you have any reasonable doubts when you enter the deliberations, do you promise to voice those doubts and discuss them with your fellow jurors?

16. If, during the course of the deliberations, you are of one opinion and your fellow jurors are of another, do you promise to stick to your opinion unless and until you are persuaded by the other jurors that the evidence compels a contrary result?

17. Do you promise not to surrender your opinion regarding guilt or innocence solely to reach an agreement with your fellow

jurors so that jury deliberations can end and everyone can go home?

III. BIAS, PREJUDICE AND WEIGHT OF TESTIMONY

1. Have you, any of your relatives, or any of your close friends ever worked for or with any law enforcement organization such as the police, troopers, F.B.I., I.R.S., military police, O.S.I., U.S. Marshal Service, or any prosecuting authority, such as the District Attorneys, Attorney Generals, or U.S. Attorney's office?

   a. Which organization or office?  What capacity?

   b. How often do you talk to your (relative) (friend)?

   c. What kinds of things do they tell you about their work?

   d. Do you realize that anything they may have told you has nothing to do with this case and that you must not let it affect your assessment of the evidence in this case?

   e. What, if any, affect has your relationship with (relative) (friend) had on your attitude or opinion on subjects like law enforcement and the criminal justice system?

   f. Do you think a law enforcement witness is more likely to be truthful than a civilian witness?

   g. Do you think a law enforcement witness is less likely to lie than a civilian witness?

   h. Would you tend to give greater weight to the testimony of a law enforcement witness than to other witnesses who are not in law enforcement?

    i. Have you, a relative or close friend, ever belonged to a community crime program as Neighborhood Watch? Please describe.

    j. Have you, a relative or close friend, ever participated in a crime reporting program such as Crimestoppers, Unsolved Mysteries, etc.? Please describe.

2. Do you, any of your relatives or any of your close friends, work as, or are employed by, lawyers, judges, or court personnel?

    a. Please explain.

    b. How often do you discuss law-related subjects with them? What are their views?

    c. What, if any, affect has your relationship with them had on your attitude or opinions on subjects like lawyers, judges, courts, law enforcement, and the criminal justice system?

3. Do you have any general attitudes about prosecutors in criminal cases? What are they?

    a. How about defense attorneys?

    b. How about judges?

4. Do you have any general attitudes about Native Americans or Alaskan Natives being involved in Crime? What are they?

5. Do you believe that because the defendant is Alaskan Native that he is more likely to be guilty of Bank Robbery than a non- Native American who is a citizen of this country?

IV. <u>NATURE OF THE CHARGES AND THE DEFENSE</u>

1. Now, in a criminal case, defendant has a right not to testify, not to take the witness stand. Do any of you believe that a defendant who does not testify must be guilty, or is more likely to be guilty than a defendant who does not testify?

2. If the defense does not present any witnesses of its own, and if, instead, they rely solely on the cross-examination of government witnesses to present theirs side of the case, would that cause you to conclude that the defendant is guilty?

3. Do you have any difficulty with the rule of law that says that any person who takes the witness stand has equal dignity with any other person who takes the witness stand?

4. If the defendant were to testify, would you give his testimony the same weight and credit that you would give to any other witness?

5. Are there [any] of you now, or have you ever witnesses a crime occur?

V. CONCLUSION

1. If you were Christopher Charles knowing what you know about this case, would you want 12 persons of like mind to yourself to sit as jurors in this case?

2. Is there anything which has not been touched on by these questions, but which you believe may be of interest to counsel or the court with regard to whether you should sit as a trial juror in this case?

DATED this 29th day of August, 2006, at Anchorage, Alaska.

s/Allen N. Dayan
745 W. 4th Avenue, Suite 230
Anchorage, Alaska 99501
Phone: 907-277-2330
Fax: 907-277-7780
Email: dayanlaw@acsalaska.net
Alaska Bar No. 8811179

Certificate of Service
I hereby certify that on August 29, 2006, a copy of the foregoing Motion and attached Order was Electronically Served on AUSA David Nesbett.