NELSON P. COHEN
United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-CR-0026-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | <u>GOVERNMENT'S</u> |
| vs. | ) | <u>SENTENCING</u> |
| | ) | <u>MEMORANDUM</u> |
| CHRISTOPHER ALLEN CHARLES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

   COMES NOW the United States Attorney's Office, by and through counsel, and respectfully submits this Sentencing Memorandum regarding the defendant, CHRISTOPHER ALLEN CHARLES, who is scheduled to be sentenced on December 7, 2006.  For the reasons provided below, the government for the most part concurs with the recommendations made by the final presentence report ("PSR").  However, a two-level enhancement for obstruction of justice should

apply to Count 1. The government recommends, therefore, a sentence at the low end of the adjusted guideline range of 162-181.

I.   BACKGROUND

On March 22, 2006, the Grand Jury charged the defendant in an Indictment with the following three counts: Count 1, Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a) and (d); Count 2, Brandishing a Firearm During and in Relation to and in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and Count 3, Unlawful User in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). On September 5, 2006, the defendant appeared for a trial by jury. The trial lasted three days. The following day, the jury returned with guilty verdicts on both Counts 1 and 2 of the Indictment. Count 3 had been previously dismissed prior to trial.

II.   SENTENCING CALCULATION

A.   Statutory Maximum Sentence

The maximum sentence that may be imposed on the defendant for Count 1 of the Indictment is twenty-five (25) years imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100 special assessment. The maximum sentence that may be imposed on the defendant for Count 2 of the Indictment is a mandatory minimum seven years to life imprisonment, a $250,000 fine, three (3)

years of supervised release, and a $100 special assessment.

    B.    <u>Sentencing Guidelines Calculation</u>

The aggregate guideline imprisonment range pursuant to the United States Sentencing Guidelines as calculated in the PSR is 147-162. This calculation does not consider, however, a two-level enhancement for obstruction of justice. With an adjusted offense level of 26, instead of 24, and a criminal history category III, the adjusted guideline range would be 78-97 months for Count 1, plus the minimum 84 months for Count 2, for a total of 162-181 months imprisonment.

III.    <u>ARGUMENT</u>

The government respectfully recommends that the court impose a sentence at the low-end of the adjusted guideline rage of 162-181.

    1.    <u>Obstruction of Justice – Relating to Perjured Testimony at Trial</u>

The author of the PSR was not present during the trial and he did not review a transcript of the proceedings prior to writing the PSR. The government contends, however, that the two-level enhancement is appropriate in this case.

If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the prosecution of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct, the offense level is to be increased

by two levels.  See USSG § 3C1.1.  One example listed in the guidelines of the types of conduct to which this adjustment applies is committing perjury.  USSG § 3C1.1, application note 4(b).

The defendant's testimony supports the sentencing enhancement for obstruction of justice through perjury because he gave (1) false testimony, (2) on a material matter, (3) with willful intent.  See United States v. Robinson, 63 F.3d 889, 892 (9th Cir. 1995).  In United States v. Mattarolo, 209 F.3d 1153, 1159 (9th Cir. 2000), the defendant put on an alibi defense that the truck in which he had been stopped belonged to another person and had been left with the defendant to use.  The defendant claimed that incriminating evidence found inside a bag in the truck also did not belong to him and that he was unaware of the bag's contents.  During his trial testimony, the defendant's statements were inconsistent and he ended up contradicting himself.  The jury found that the defendant knew what was inside the bag and the district judge agreed.  Ninth Circuit determined that the two-level enhancement was appropriate where the district court found the defendant's alibi evidence material, but false and willful as well.  Id.

During his testimony and throughout trial in this case, the defendant attempted to portray himself, through his false testimony, as a person who was an unwitting victim of unknown and unidentified assailants trying to ram him off the

road in his car. The defendant attempted to establish that he woke up on the morning of March 16, 2006, and went out to start his car. It was cold that morning, so he returned to the warmth of his residence to wait for his car to warm up. According to the defendant, the heater in his car failed to work properly so he was forced to wait for close to an hour for his car to warm up, during which time he ate breakfast and took a shower. When he eventually did re-enter his car and begin to drive away, the defendant claimed he was immediately struck by vehicles he could not identify. The defendant tried to explain that he could not identify the assailants because his glasses had been knocked off. The defendant claimed he then fled through the Dimond area in his car, and then on foot carrying a loaded shotgun in his hand, unaware of who was following him.

 The defendant testified that he could not account for the two firearms, duct tape and $100 bills located on the driver's seat and on the driver's floorboard. The defendant claimed his vehicle was struck and his glasses were knocked off before he was able to identify the other vehicles and, thus, he could not see the emergency lights and hear the sirens all around him. The defendant claimed, ultimately, that it was not he who had robbed the bank.

 The jury found that the defendant did indeed rob the bank. The verdict was supported by evidence of two eye witnesses who identified the defendant in court

as the person who was seen fleeing from the bank at the time of the robbery and bank surveillance video showing the defendant wearing the same clothes both when he robbed the bank and when he was shot by police.  The defendant's perjured testimony was certainly intentional and not resulting from "confusion, mistake or faulty memory."  See United States v. Dunnigan, 507 U.S. 87, 94 (1993), abrogated on other grounds, United States v. Wells, 519 U.S. 482 (1997).  The defendant's testimony was contradicted by all the evidence in the case and was expressly rejected by the trial jury.  The defendant, therefore, did "obstruct justice" as that term is used under the guidelines.  The two-level enhancement for obstructing justice based on perjured testimony is appropriate in this case.

IV.     SENTENCING RECOMMENDATION

When considering the sentencing factors in 18 U.S.C. § 3553, therefore, a sentence of 162 months is appropriate.  Such a sentence would recognize the seriousness of defendant's offense conduct, afford adequate deterrence to future criminal conduct and, meanwhile, protect the public from further crimes of the defendant.

The government recommends that the defendant be sentenced as follows:

(1)     **162  months in custody**;

(2)     **No fine is requested** due to the defendant's inability to pay;

(4) **A three (3) year period of supervised release,** and

(5) **A special assessment in the amount of $200.00** is, of course, required.

RESPECTFULLY SUBMITTED this <u>30th</u> day of November, 2006, in

Anchorage, Alaska.

                    NELSON P. COHEN
                    United States Attorney

                    <u>s/ David A. Nesbett</u>
                    Special Assistant U.S. Attorney
                    222 West 7th Ave., #9, Rm. 253
                    Anchorage, AK 99513-7567
                    Phone: (907) 271-6306
                    Fax: (907) 271-1500
                    E-mail: david.nesbett@usdoj.gov
                    Alaska Bar # 9811075

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2006
a copy of the foregoing was served
electronically on:

Kevin McCoy

<u>s/ David A. Nesbett</u>