# UNITED STATES DISTRICT COURT

# DISTRICT OF ALASKA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | 3:06-cr-00026 JWS |
| vs. | ) | ORDER AND OPINION |
| Christopher Charles, | ) | [Re: Motion at docket 111] |
| Defendant. | ) | |

## I. MOTION PRESENTED

At docket 111, defendant Christopher Charles ("Charles") filed a motion pursuant to 28 U.S.C. § 2255 seeking relief from the judgment at docket 84. The court reviewed the motion and directed Charles to further explain his position. Charles responded with additional briefing at docket 113. The United States opposed the motion at docket 116.

## II. BACKGROUND

In 2006 a jury convicted Charles on two charges: armed robbery of a financial institution in violation of 18 U.S.C. §§ 2113(a) and 2113(d), and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Thereafter, the court sentenced Charles to 76 months incarceration on the armed robbery charge and a consecutive 84 months incarceration on the firearm charge. Charles appealed. In November of 2007, the Ninth Circuit dismissed the appeal based

on Charles' notice of voluntary dismissal. The matter now pending before this court is Charles' first § 2255 motion.

## III. DISCUSSION

The gravamen of Charles' motion is that the armed robbery he committed was not a "crime of violence" as that term is used in 18 U.S.C. § 924(c)(1)(A). He points to 18 U.S.C. § 924(c)(3)A), which defines a crime of violence as one which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Charles then argues that because 18 U.S.C. § 2113(a) criminalizes the taking of property from another "by force and violence, or *by intimidation*" (emphasis added) it is not a crime of violence, and thus, the sentence imposed for brandishing a firearm is unlawful.

Charles' motion is untimely. A motion seeking relief under 28 U.S.C. § 2255 must be made within one year.[1] Ordinarily, the year runs from the date when the judgment of conviction became final.[2] Charles attempts to avoid this problem by arguing that his motion rests on a right only recently recognized by the Supreme Court so that his collateral attack is timely.[3] He cites *Johnson v. United States.*[4] There, the Supreme Court held that imposing an enhanced sentence pursuant to the residual

---

[1] 28 U.S.C. § 2255(f).

[2] 28 U.S.C. § 2255(f)(1). Charles' conviction became final when his appeal was dismissed by the Court of Appeals in November of 2007. Doc. 107

[3] 28 U.S.C. § 2255(f)(3) provides that the year begins to run on "the date on which the right asserted was initially recognized by the Supreme Court."

[4] 135 S.Ct. 2551 (2015). The decision was made retroactive by *Welch v. United States*, 136 S.Ct. 1257 (2016).

clause in the Armed Career Criminal Act was a violation of due process, because the residual clause is unconstitutionally vague. That case was decided on June 26, 2015, and Charles' initial filing was on June 22, 2016.[5] However, Charles' sentence was not enhanced pursuant to the Armed Career Criminal Act. His sentence was enhanced pursuant to 18 U.S.C. 924(c)(1). It follows that Charles' § 2255 motion is not timely.

Even were Charles' motion timely, it would fail on the merits. The Ninth Circuit has expressly stated that "[a]rmed bank robbery qualifies as a crime of violence because one of the elements of the offense is a taking 'by force and violence, or by intimidation.'"[6] While the Ninth Circuit made that statement years before the Supreme Court decided *Johnson*, in a 2016 decision the Fourth Circuit eschewed the proposition that after *Johnson*, bank robbery may not be considered a crime of violence, explaining that intimidation, as used in § 2113(a), requires the threatened use of physical force.[7]

## IV. CONCLUSION

For the reasons above, the motion at docket 111 is DENIED.

DATED this 29th day of August 2016.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[5] Doc. 109.

[6] *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000).

[7] *United States v. McNeal*, 818 F.3d 141, 153-154 (4th Cir. 2016).

-3-